IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN MARK SHONTZ,                )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   Civil Action No. 19-33-E
                                 )
NANCY A. BERRYHILL,              )
                                 )
         Defendant.              )

O R D E R

AND NOW, this 26th day of September, 2019, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to consider properly the medical evidence of record when determining Plaintiff's disability onset date. More specifically, Plaintiff contends that the ALJ failed to address certain medical evidence from the record that could have supported a finding that he was disabled at an earlier date than the ALJ found in his decision. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his determination, based on all the evidence presented, that Plaintiff's became disabled on October 24, 2017.

In essence, Plaintiff is arguing that the ALJ erred in determining his RFC for the period prior to October 24, 2017, without discussing certain evidence of record. A claimant's RFC is the most that a claimant can do despite his limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945.

In this case, after reviewing the evidence, the ALJ determined that, prior to October 24, 2017, Plaintiff had the RFC to perform medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with additional limitations. (R. 33-34). The ALJ further determined that, beginning on October 24, 2017, Plaintiff had the RFC to perform the full range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (R. 35). Based on the more restrictive RFC limiting Plaintiff to light work, a finding of "disabled" was directed by Medical-Vocational Rule 202.06 as of that date. (R. 37). Thus, October 24, 2017 was found to be Plaintiff's date of onset of disability.

The Court notes that, in reaching his conclusions, the ALJ reviewed and discussed the evidence of record, including medical opinions, Plaintiff's treatment notes, and Plaintiff's testimony and subjective complaints. Regarding the period prior to October 24, 2017, the ALJ found that Plaintiff's subjective testimony was not fully supported for reasons he gave in his decision. (R. 34). Upon review of the evidence, the ALJ found that Plaintiff's medical records from that time did not document impairments that would greatly limit his ability to lift, carry, stand and walk on a continuous basis. (R. 34). The ALJ noted that what was most consistent during that time was Plaintiff's history of alcohol abuse that resulted in several falls, rib fractures and pancreatitis, and he discussed various medical records. (R. 34). The ALJ also discussed the opinion of consultative examiner Rafay Ahmed, M.D., from January 2016, who, after completing a physical examination that resulted in completely normal findings, found Plaintiff to have no exertional limitations, although he did find that Plaintiff should avoid exposure to workplace hazards. (R. 35). The ALJ gave this opinion "some weight," but found that it overstated Plaintiff's physical abilities in relation to his history of COPD and rib fractures. (R. 35). The ALJ also gave "great weight" to the opinion of the state agency reviewing physician, who limited

Plaintiff to medium work. The ALJ explained that that opinion was well supported by the medical evidence that consistently showed normal physical examinations with only mild problems related to COPD and rib fractures. (R. 35).

As of October 24, 2017, however, the ALJ found that Plaintiff was limited to light work. (R. 35). The ALJ reasoned that, at that time, Plaintiff's allegations regarding his symptoms and limitations became consistent with the evidence. (R. 35). The ALJ noted that Plaintiff sought treatment on that date for leg pain that increased when he was walking, and that examination at that time showed Plaintiff to have tibial varicosities. (R. 35). The ALJ also noted that Plaintiff's PCP diagnosed him with venous insufficiency and prescribed compression stockings at that time. (R. 35). Additionally, the ALJ explained that Plaintiff was hospitalized the following month for a collapsed lung and rib fractures, and that a cervical CT scan showed mild spondylosis in his spine. (R. 35). The ALJ noted that Plaintiff sought emergency treatment for knee and shoulder pain in early 2018, and that x-rays showed a patellar fracture and mild arthritic changes in his right shoulder. (R. 35). Moreover, the ALJ explained that, as of October 2017, he gave the earlier opinions of the consultative examiner and the state agency reviewing physician little weight because they had been given prior to these later developments and diagnoses. Finally, Plaintiff's PCP completed a medical source statement in February 2018 limiting Plaintiff to less than sedentary work, and the ALJ stated that he gave that opinion "some weight" as it was supported by Plaintiff's more recent records. (R. 36).

Plaintiff now argues that the ALJ did not go far enough in limiting him to light work as of October 24, 2017, and asserts that the ALJ should have instead found him to have been disabled as of June 24, 2016. In support of his claim, Plaintiff contends that the ALJ did not address earlier evidence of foot or leg complaints that showed that Plaintiff had the same condition since June of 2016. The Court disagrees.

At the outset, the Court emphasizes that June 24, 2016 did not appear to be a notable date when this case came before the ALJ for his consideration. In fact, Plaintiff contended that his disability onset date was January 2, 2013. However, because in his decision the ALJ found that Plaintiff became disabled on October 24, 2017 (coinciding with records detailing Plaintiff's significant leg problem), Plaintiff now argues that the ALJ should have found the onset date to have been June 24, 2016 (citing to the first instance of foot or leg complaints in the record). (R. 35).

Although Plaintiff notes various earlier instances of foot or leg complaints in the record, the Court cannot find that the ALJ erred by concluding that October 24, 2017 was the date when the record showed that Plaintiff's "allegations regarding his symptoms and limitations [became] consistent with the evidence." (R. 35). The ALJ explained that he reviewed Plaintiff's symptoms and other evidence, as well as the opinion evidence in accordance with 20 C.F.R. §§ 404.1529 and 416.929, SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), and 20 C.F.R. §§ 404.1527 and 416.927. (R. 34). The ALJ also explained that the evidence prior to October 2017 did not show limitations that would greatly limit Plaintiff—including in his ability to stand and walk—on a continuous basis. (R. 34). Moreover, the Court stresses that an ALJ is not required to make reference to every relevant treatment note, as long as the Court can discern the

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Knox v. Astrue, 2010 WL 1212561, at *7 (W.D. Pa. Mar. 26, 2010). The ALJ was therefore not required to discuss each medical record from the period prior to October 24, 2017, nor was he required to explain why he did not find Plaintiff to be disabled as of the date of each of those medical records. Rather, the ALJ sufficiently discussed relevant evidence of record in order to explain the rationale underlying his conclusions regarding Plaintiff's disability onset date.

Thus, upon consideration of the record, the Court finds that the ALJ's assessments of Plaintiff's RFC and disability onset date are supported by substantial evidence, and the Court does not agree with Plaintiff's contention that the ALJ erred by failing to discuss certain pieces of evidence in his analysis. Finally, the Court notes that, even if, upon review of the evidence, the Court were to reach a different conclusion, as the Court is not permitted to simply reweigh the evidence and substitute the Court's judgment for that of the ALJ, the Court must affirm. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).

In sum, after careful review of the record, the Court finds that the ALJ properly addressed the relevant evidence in the record, including full consideration of Plaintiff's subjective complaints, the medical records and the medical opinion evidence, and he thoroughly discussed the basis for his RFC findings and his finding of Plaintiff's disability onset date. The Court finds that substantial evidence supports the ALJ's decision in this case and, accordingly, the Court affirms.